# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE

JORGE CAVERO,           )
           )
       Appellant,    )
           )
   v.           )     C.A. No. N20A-07-006 DCS
           )
UNEMPLOYMENT INSURANCE  )
BOARD,           )
           )
       Appellee.    )

## <u>ORDER</u>

This 2nd day of October, 2020, upon consideration of Jorge Cavero's (the "Appellant") Appeal and the State's Motion to Dismiss, this matter is **DISMISSED**.

It appears that:

1. On March 15, 2020, Appellant filed a claim for unemployment insurance benefits.

2. On May 22, 2020, the Department of Labor, Division of Unemployment Insurance (the "Division") received information that Appellant had earned wages while receiving unemployment insurance benefits.

3. On that same date, the Division sent a letter to Appellant asking him to contact the Division by May 29, 2020.

4. On May 27, 2020, Appellant contacted the Division. According to the findings of the Appeals Referee, Appellant admitted that he had worked for Total Productive Staffing on April 13, 2020.

5. On May 27, 2020, a Notice of Determination was rendered and sent to Appellant's address. The Division disqualified Appellant from receiving unemployment insurance benefits due to a finding that Appellant had committed fraud when he failed to report wages. The disqualification covers the week ending April 18, 2020 through the week ending April 17, 2021.

6. On June 1, 2020, Appellant appealed the disqualification to the Appeals Referee (the "Referee").

7. On June 18, 2020, the Referee held a hearing on Appellant's appeal.

8. On that same date, the Referee's decision was mailed to Appellant. The Referee affirmed the decision to disqualify Appellant from receipt of unemployment insurance benefits for a period from the week ending April 18, 2020 through the week ending April 17, 2021. The Referee found that the Division had proved by a preponderance of the evidence that Appellant knowingly failed to disclose his wages to the Division in an attempt to receive unemployment insurance benefits to which he was not entitled.

9. The Referee's decision stated that Appellant had a right to appeal the Referee's decision to the Unemployment Insurance Appeal Board (the "Board") within ten days after the mailing of the Referee's decision.

10. On July 22, 2020, Appellant bypassed the Board and filed the instant Appeal to this Court. Appellant attached the Referee's decision to his Appeal.

11. On September 11, 2020, the State filed a Motion to Dismiss. The State asks this Court to dismiss Appellant's Appeal and excuse the Board from providing the Court with a certified copy of the proceedings below.[1] The State explains that Appellant improperly bypassed the Board when he appealed the Referee's decision to this Court. As such, the State contends that this Court lacks jurisdiction to hear the Appeal because Appellant failed to exhaust his administrative remedies as required by law.

12. 19 *Del. C.* § 3320(a) states that "[a]ppeals to the [Board] may be made by the parties to a disputed unemployment insurance claim."[2] Delaware law provides

---

[1] The State asserts that, because Appellant bypassed the Board, the record below remains with the Referee, and, therefore, the Board does not have access to the record.

[2] 19 *Del. C.* § 3320(a) states:

> The Unemployment Insurance Appeal Board [UIAB] may on its own motion, affirm, modify, or reverse any decision of an appeal tribunal on the basis of the evidence previously submitted to the appeal tribunal or it may permit any of the parties to such decision to initiate further appeal before it. The Unemployment UIAB shall remand a case to the appeal tribunal to supplement the existing evidence when it is determined to be insufficient to form a substantial basis for a decision. Appeals to the UIAB may be made by the parties to a disputed unemployment insurance claim, as well as by the claims deputy whose decision is modified or

3

for judicial review of the Board's decisions.[3]  However, 19 *Del. C.* § 3322(a) states that judicial review "shall be permitted only after any party claiming to be aggrieved … has exhausted all administrative remedies…"[4]

14.  The law is clear that this Court does not have jurisdiction to hear appeals of unemployment insurance benefit decisions where the appellant has not exhausted all administrative remedies.[5]  Additionally, this Court has held that "[w]here an

---

reversed by an appeals tribunal. The UIAB shall promptly notify all interested parties of its findings and decision.

[3] 19 Del. C. § 3323(a) states:

Within 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court in the county in which the claimant resides or the employer's place of business is located against the Unemployment Insurance Appeal Board for the review of such decision.

[4] 19 *Del. C.* § 3322(a) states:

Any decision of the Unemployment Insurance Appeal Board shall become final 10 days after the date of notification or mailing thereof, and judicial review thereof as provided in this subchapter shall be permitted only after any party claiming to be aggrieved thereby has exhausted all administrative remedies as provided by this chapter.

[5] *Matthews v. Don-Lee Margin Corp.*, 2015 WL 4719837, *2 (Del. Super. Aug. 5, 2015) ("This Court does not have jurisdiction to hear this appeal on its merits. The Superior Court will review a decision by the Board only after the appellant has exhausted all administrative remedies.  Without such exhaustion, this Court lacks jurisdiction.").

appellant fails to appear before the [Board], that appellant has failed to exhaust all administrative remedies."[6]

15. Because Appellant did not appeal the Referee's decision to the Board as provided by statute, he has failed to exhaust all of his administrative remedies. Accordingly, this Court lacks jurisdiction to hear his appeal.

For the foregoing reasons, the Board is excused from sending a certified copy of the record of the proceedings below to this Court, and the matter is **DISMISSED**. **IT IS SO ORDERED.**

*/s/ Diane Clarke Streett*
Diane Clarke Streett, Judge

Original to Prothonotary

cc:     Jorge L. Cavero (via First Class Mail)
        Monica L. Townsend, Deputy Attorney General (via File and Serve)

---

[6] *Id.*

5